SAVERIO D'AMATO AND ELIZEBETH D'AMATO, APPELLANTS, v. ORANGE MEMORIAL HOSPITAL, RESPONDENT.

Argued October 22, 1924—Decided January 19, 1925.

Public policy requires that a charitable institution maintaining a hospital be held not liable for injuries resulting to patients through the negligence or carelessness of its physicians and nurses, even if the injured person were a pay patient—payment for board, medical services and nursing in such case going to the general fund to maintain the charity.

On appeal from the Supreme Court.

For the appellants, *Joseph L. Smith.*

For the respondent, *Kalisch & Kalisch.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a suit in the Supreme Court by husband and wife for injuries sustained by the

wife, with the usual consequential damages to the husband.
Mrs. D'Amato being a patient at the Orange Memorial Hospital on or about January 22d, 1919, received an injury
there under the following circumstances: Being in a wheel
chair, recovering from an operation, the nurse in charge
attempted to remove Mrs. D'Amato from the chair and
place her in bed, and, while the transfer from chair to bed
was going on, the patient fell out of the chair and broke
her left knee-cap, and sustained other injuries. Mrs. D'Amato
remained in the hospital for about five weeks after the
accident, and her husband was charged $10.50 a week by the
hospital for her board, medical attention and nursing,
amounting in all to $129 (including a former sojourn there),
of which he paid on account the sum of $77.50. The defendant denied liability, and, at the close of the case, counsel
of defendant moved for direction of a verdict in its favor
on the ground that no negligence had been shown against
the hospital, and that the defendant could not be held liable
under the doctrine of *respondeat superior;* also that the
plaintiff Mrs. D'Amato was guilty of contributory negligence,
and assumed the risk of the injury, and because the defendant is a charitable organization, and, therefore, not
liable for negligence of its physicians and nurses. The trial
judge granted the motion and directed the verdict on the
latter ground alone.

The defendant hospital is supported, in part, by income
from so-called pay patients, and also from private contributions; receives patients regardless of their ability to pay,
charges $10.50 a week for ward patients where they can
pay so much, otherwise receives what they are able to pay,
but the maximum charge does not meet the cost of service,
which, at the time in question, was about $28 a week.

The defendant was incorporated under "An act to provide
for the incorporation of associations for the erection and
maintenance of hospitals, infirmaries, orphanages, asylums,
and other charitable institutions," approved March 9th, 1877.
*Pamph. L.* 1877, *p.* 159. This act was expressly repealed
by the act to repeal sundry acts relating to associations not

for pecuniary profit (*Pamph. L.* 1899, *pp.* 189, 192; 1 *Comp. Stat., p.* 129, § 1), but its vested rights, privileges and powers were saved to it by section 2 of that act, and also by the general repealer contained in the act to incorporate associations not for pecuniary profit. *Pamph. L.* 1898, *p.* 422; *Comp. Stat., pp.* 125, 129, § 13.

The defendant, having been organized under an act providing for the incorporation of *charitable* institutions, is presumed to be a charitable institution unless the contrary appear, and, in this case, there is no such showing. It is unlike the corporation in the case of *Carteret Academy* v. *State Board of Taxes and Assessment,* 98 *N. J. L.* 868, where the academy charged tuition fees equal to those charged by private schools carried on for profit, issued bonds for the purchase of its property, paying six per cent. interest to the bondholders, and paid salaries at the market rate to the head master and assistants. And this court held that the corporation was not fundamentally philanthropic or charitable in purpose, notwithstanding it was organized under the act to incorporate associations not for pecuniary profit, and the assessment of taxes levied upon it was affirmed.

The trial judge, in deciding the motion to direct a verdict for the defendant in the case at bar, took occasion to observe that there was a difference in the decisions in the various states regarding the responsibility of charitable hospitals for the negligence of their physicians and nurses, some holding liability, others immunity. And he adopted the rule which to him was more convincing, namely, that of non-liability; and in thus deciding we think he was right.

Perhaps the leading case supporting this view is *Schloendorff* v. *The Society of New York Hospital,* 211 *N. Y.* 125, wherein it was held that the relation between a hospital and the physicians and nurses who serve it is not one of master and servant. A hospital maintained as a charitable institution for the care and healing of the sick is not liable for the negligence of its physicians and nurses in the treatment of patients. It remains exempt, though the patient makes some payment to help defray the cost of board, and such pay-

ment is regarded as a contribution to the income of the hospital to be devoted, like its other funds, to the maintenance of the charity.

In *Gable* v. *Sisters of St. Francis,* 227 *Pa. St.* 254, it was held that a charitable corporation is not liable for personal injuries caused by the negligence of a nurse in its hospital, and that it is immaterial that the person injured was a pay patient and that a certain space in the institution was used for the care of pay patients.

In *McDonald* v. *Massachusetts General Hospital,* 120 *Mass.* 432, it was held that a corporation established for the maintenance of a public charitable hospital, which has exercised due care in the selection of its agents, is not liable for injury to a patient caused by their negligence, nor for the unauthorized assumption of one of the hospital attendants to act as a surgeon. And in the later Massachusetts case of *Roosen* v. *Peter Bent Brigham Hospital,* 235 *Id.* 66, it was held that a public charitable corporation operating a hospital is not liable in an action of tort for the conscious suffering of one of its patients caused by negligence either of its managing officers in selecting incompetent servants or employes, or of servants or employes selected with care. At page 69 the court said that in *McDonald* v. *Massachusetts General Hospital, supra,* occurs the cautious statement that the liability of the defendant corporation could extend no further than if there had been no negligence on the part of those who administered the trust and controlled its management, and if due care had been used by them in the selection of their inferior agents, even if injury had occurred by the negligence of such agents, it cannot be made responsible, and (at *p.* 70), that that sentence was merely precautionary, it bounded the question presented and simply showed the extent of the decision; it did not purport to be comprehensive or exclusive, that the correlative assertion to the effect that there was liability in cases where there had been carelessness on the part of the managers in the selection of servants and agents, is neither expressed nor implied; and (at *p.* 72), it was laid down that the inevitable result of their (Massachusetts) de-

cisions is to relieve a hospital from liability from negligence of the managers in selecting incompetent subordinate agents, as well as the negligence of such subordinate agents selected with care; and that that conclusion is supported by the great weight of authority in other jurisdictions, citing a number of cases.

In our opinion, public policy requires that a charitable institution maintaining a hospital be held not liable for injuries resulting to patients through the negligence or carelessness of its physicians and nurses, even if the injured person were a pay patient—payment for board, medical services and nursing in such case going to the general fund to maintain the charity. Like the Massachusetts court in the earlier case of *McDonald* v. *Massachusetts General Hospital, supra,* we are not required in this decision to go so far as to hold that a charitable corporation maintaining a hospital might not be liable to a patient if carelessness were shown in the selection of the agent responsible for the injury, as that question is not raised in this case. There are but two grounds of appeal here: (1) That the trial judge erred in holding that the defendant, being a charitable hospital, was not liable to a patient for physical injury caused by the negligence of a servant, a nurse employed by the hospital (not an incompetent nurse negligently selected by the hospital authorities), who, the patient, paid for services rendered to her by the institution; and (2) that the trial judge erred in determining that the defendant was a charitable institution, that question being one for the jury. The first question has been disposed of against the appellant, and, as to the second, suffice it to say that there was no evidence from which the jury would have been justified in inferring that the defendant corporation was not a charitable hospital.

It should be stated that no judgment has been printed in the state of the case, and that the notice of appeal does not state from what court the appeal is taken. The notice, however, is entitled and filed in this court. An inspection of the files in the office of the clerk discloses the fact that there was a judgment entered on the directed verdict, and we will con-

sider the notice of appeal to be one from the Supreme Court, in which the trial was had and judgment rendered.

For the reasons above stated the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 15.

*For reversal*—None.