PHILIP KOLB, PLAINTIFF-RESPONDENT, *v.* MONMOUTH MEMORIAL HOSPITAL, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted October term, 1935—Decided January 31, 1936.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst*, of counsel).

For the respondent, *Quinn, Parsons & Doremus* (*Theodore D. Parsons*, of counsel).

The opinion of the court was delivered by

Perskie, J. The question involved, in this case, concerns the tort liability of a charitable (hospital) institution. Respondent, plaintiff below, recovered a judgment, based on a jury verdict, against appellant, defendant below, in the sum of $12,000 for the injuries which he sustained as a result of the alleged negligence of the defendant in the premises. Upon a rule to show cause, allowed on the ground of excessive damages, it was reduced to $9,750 and was accepted by the plaintiff.

Various results, depending upon the particular theory adopted, have been reached by the courts of our sister states on the question of the liability of charitable institutions for its torts. It will serve no particular useful purpose here to recollate the illustrative cases. Suffice it to say that the holdings of these cases have been thus summarized:

"* * * a number of states have, following the English *dicta*, exempted charities from all tort liability against beneficiaries as well as others on the ground that public policy demands that the trust fund be not diverted to paying damages. The great majority of courts, however, do justice to employes, strangers and invitees by holding the charity to the same degree of care exacted from other entities. In regard to beneficiaries they hold the charity liable for injuries resulting from the negligence of the trustees or managers in selecting incompetent servants, but not for the negligence of servants carefully selected." See 19 *Michigan Law Review* 395, 412; 77 *U. of P. Law Review No.* 2, *p.* 191.

In our state we have adopted and followed, what we believe to be the majority view, *i. e.*, the public policy theory. Thus

we deny the right of recovery on the part of those who have a valid claim against a charitable institution, based on actionable negligence, but who are either the recipients of the benefactions, or the beneficiaries of the charitable institution sought to be held liable; but we permit the right of recovery against charitable institutions, for their actionable negligence, on the part of "those unconcerned in and unrelated to that which the donor brought into being and supports in its operation." *Simmons* v. *Wiley Methodist Episcopal Church,* 112 *N. J. L.* 129; 170 *Atl. Rep.* 237.

Based on these principles we have denied the right of recovery in a suit by a patient against the hospital. *D'Amato* v. *Orange Memorial Hospital,* 101 *N. J. L.* 61; 127 *Atl. Rep.* 340; and we have likewise denied the right of recovery in a suit by a mother against a hospital for injuries sustained while visiting her daughter who was a patient therein. *Boeckel* v. *Orange Memorial Hospital,* 108 *N. J. L.* 453; affirmed, 110 *Id.* 509; 158 *Atl. Rep.* 832; *affirmed,* 166 *Id.* 146. On the other hand, we have permitted the right of recovery by one "unconcerned in and unrelated to the charitable institution." *Simmons* v. *Wiley Methodist Episcopal Church, supra* (suit for injuries sustained by plaintiff while on the highway as a result of the negligent operation of a truck belonging to the church).

It obviously, therefore, becomes necessary to recur to the question of the relation of the plaintiff to the hospital at the time of the accident. What was his status? It is clear that he was not personally the recipient of the benefactions of the hospital. Was he, however, a beneficiary of its benefactions, or was he "unconcerned in and unrelated to" the hospital and its operation? A beneficiary is defined as "the recipient of another's bounty; one who received a benefit or advantage." 7 *C. J.* 1133, 1134. Judicial construction and application of that term, in this class of cases, finds perfect expression in the Boeckel case.

In the case at bar, the facts, on the point of the relation of the plaintiff to the hospital, are not in dispute. They are these: Plaintiff was a member of the first aid squad of the

Oakhurst volunteer fire department. The organization owned, among other equipment, an ambulance to take care of emergency cases. In response to a call that one, Ross Clayton, of Deal, New Jersey, had to be taken to the defendant hospital, plaintiff, in company with a fellow member of the squad, drove to the Clayton home and transported him to the hospital. Upon reaching the hospital plaintiff entered through the emergency entrance, as he had done on some twenty-five or thirty other occasions, to get the hospital stretcher to carry the patient into the hospital. It was while there and in the act of getting this stretcher that he fell and sustained the injuries for which he sued. Plaintiff was not related to the patient; he had nothing to do with the arrangements for the patient's admission to the hospital; they were made by the members of the patient's family and his physician. There is not even a suggestion that plaintiff received any compensation, from either the patient, or the hospital, or his organization, for his services. Obviously, therefore, in transporting Clayton to the hospital plaintiff was neither the recipient nor the beneficiary of the hospital's benefactions. We are firmly of the opinion that plaintiff was, within the holding of our cases, "unconcerned in and unrelated to" the hospital and its operation.

And let it be marked that, in our opinion, the proofs fully justify the jury's finding that plaintiff was on defendant's premises, at the time of the accident, as an implied invitee, and the proofs further support the jury's finding of actionable negligence.

The trial judge was right in refusing to direct a verdict in favor of the defendant; and no error injuriously affecting the substantial rights of appellant is made to appear in the exceptions taken to the charge by the trial judge.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.