IDA C. ROSE, PLAINTIFF-RESPONDENT, v. RALEIGH FIT-
KIN-PAUL MORGAN MEMORIAL HOSPITAL-ANN MAY
FOUNDATION, DEFENDANT-APPELLANT.

Submitted October 24, 1947---Decided January 29, 1948.

For the plaintiff-respondent, *Parsons, Labrecque, Canzona
& Combs* (*Theodore D. Parsons,* of counsel).

For the defendant-appellant, *Durand, Ivins & Carton* (*J.
Victor Carton,* of counsel).

The opinion of the court was delivered by

BURLING, J. This is an action at law sounding in tort,
the gravamen of which is the alleged actionable negligence
of the defendant-appellant.

The case involved the right of a private nurse, caring for
a patient at the Fitkin Hospital, to recover damages from
the hospital for injuries sustained by her as the result of a
fall due to the alleged negligence of an employee of the
defendant-appellant. It was tried before Circuit Court Judge
Robert V. Kinkead, without a jury. At the conclusion of
the plaintiff's (respondent's) case, defendant-appellant moved
for a nonsuit upon the ground that the plaintiff was the
recipient of the benefactions of the appellant hospital or a
beneficiary of the appellant hospital and that a charitable
institution was not liable as such for the negligence of its
servants. This motion was denied. The appellant hospital
offered no testimony. The appellant having elected to present

no evidence, a motion was thereupon made for a directed verdict of no cause for action upon the same grounds. This motion was denied. Thereupon the court found a verdict in favor of the plaintiff against the defendant in the sum of $2,500.

The only grounds of appeal filed are the failure of the trial judge to grant a motion to nonsuit and at the close of the reception of evidence to grant a motion for a directed verdict of no cause for action.

The question of liability of a charitable institution to respond in damages for negligence of its servants has been many times before the courts. Conflict exists among the courts of the several states concerning such liability. The subject has been the cause of prolific judicial opinion. It is one upon which there has been and is not only a conflict of decisions among the courts, but also a remarkable diversity of opinion among the courts which agree in their ultimate decision as to the reason or ground for so deciding. *Andrews v. Young Men's Christian Association of Des Moines (Supreme Court, Iowa, 1939), 226 Iowa 374; 284 N. W. Rep. 186; President and Directors of Georgetown College v. Hughes (United States Circuit Court of Appeals, District of Columbia, 1942), 76 U. S. App. D. C. 123; 130 Fed. Rep. (2d) 810; Gregory v. Salem General Hospital (Supreme Court, Oregon, 1944), 175 Ore. 464; 153 Pac. Rep. (2d) 837.*

There are two rules: One is known as the "absolute or unqualified" immunity rule and the other is known as the "qualified" immunity rule. Various reasons are given by the courts in support of the respective rules applied by them. Among those reasons are "public policy," "trust fund theory," "waiver theory," "*respondeat superior* theory." The subject is discussed in 10 *Fletcher's Cyc. Corp. (Perm, ed.)* and among others in the following cases: *Roosen v. Peter Bent Brigham Hospital, 235 Mass. 66; 126 N. E. Rep. 392; Vermillion v. Women's College of Due West (Supreme Court, S. C., 1916), 104 S. C. 197; 88 S. E. Rep. 649; Schumacher v. Evangelical Deaconess Society of Wisconsin, 218 Wis. 169; 260 N. W. Rep. 476.*"

A chronological review of the pertinent New Jersey cases is found in the opinion in the case of *Fair* v. *Atlantic City Hospital (Atlantic County Circuit Court,* 1946), 25 *N. J. Mis. R.* 65, and in the opinion of the court below (25 *Id.* 311). They are: *D'Amato* v. *Orange Memorial Hospital (Court of Errors and Appeals,* 1925), 101 *N. J. L.* 61; *Boeckel* v. *Orange Memorial Hospital (Supreme Court,* 1932), 108 *Id.* 453; *affirmed (Court of Errors and Appeals,* 1933), 110 *Id.* 509; *Simmons* v. *Wiley M. E. Church (Court of Errors and Appeals,* 1933), 112 *Id.* 129; *Kolb* v. *Monmouth Memorial Hospital (Court of Errors and Appeals,* 1935), 116 *Id.* 118; *Bianchi* v. *South Park Presbyterian Church (Court of Errors and Appeals,* 1939), 123 *Id.* 325.

In the Kolb case, the New Jersey rule, the qualified immunity rule, is summarized and defined as follows:

"In our state we have adopted and followed, what we believe to be the majority view, *i. e.,* the public policy theory. Thus we deny the right of recovery on the part of those who have a valid claim against a charitable institution, based on actionable negligence, but who are either the recipients of the benefactions, or the beneficiaries of the charitable institution sought to be held liable; but we permit the right of recovery against charitable institutions, for their actionable negligence, on the part of 'those unconcerned in and unrelated to that which the donor brought into being and supports in its operation.' *Simmons* v. *Wiley Methodist Episcopal Church,* 112 *N. J. L.* 129; 170 *Atl. Rep.* 237."

So the decision of this case comes within a narrow compass—was the respondent, a private nurse engaged for and paid by a private paying patient in a charitable hospital a stranger to or a beneficiary of the charity?

From the evidence the following facts appear:

Miss Rose is a graduate of the Ann May School of Nursing, a predecessor of Fitkin Hospital. She has followed steadily her profession as a registered nurse, not only at the hospital but throughout the County of Monmouth, and was dependent upon her earnings in her profession for her support. On December 7th, 1943, she was nursing a Mrs. Armstrong at the hospital, who paid her $49 per week. In addi-

tion, Mrs. Armstrong paid the hospital for the meals of Miss Rose while in attendance upon her. On December 7th, 1943, she proceeded to the basement in which is located the cafeteria for the nurses; she obtained her food at the food counter and was carrying her tray from the food counter down the corridor and around a corner to the restaurant when she tripped over a pan alleged to have been placed in a negligent manner and was injured.

Fitkin Hospital maintains a Nurses' Registry which give preference of employment to the graduates of that institution. She was called by the directress of nurses for service upon this case. Miss Rose as a nurse on the registry, reserved the right to refuse assignments to any cases.

It is said that in the circumstances she was, in a legal sense, a beneficiary of the charity. It is conceded that, if she was a stranger to the charity, the judgment is well grounded in law. The argument, in brief, is that plaintiff's association with the hospital was advantageous to her, in that she obtained employment through the nurses' registry maintained by the hospital, and that the nurses' registry was maintained without cost to her, and gave her a preference in employment.

But this did not make her a participant in the hospital's bounty. She was paid by her patient, who also paid the hospital for her meals served while she was in attendance on the patient. While it was no doubt of advantage to the nurse to be on the registry, it was perhaps of more advantage to the hospital to have nursing service available, for it is common knowledge that in recent years the hospitals have been confronted with a serious problem due to the shortage of nurses. But however this may be, the nurse, in the service of the private patient, was not a beneficiary of the charity in the legal sense. Nurses respond to similar calls to private homes, and if she had attended the particular patient in her home until hospitalization was required, her relationship with the patient in the place of service did not change merely because the place of service was transferred from the home to the hospital.

She therefore was an invitee of the hospital to whom the duty was owed of ordinary care to maintain the premises in a reasonably safe condition.

The applicable rules in dealing with motions of this character are familiar and giving due respect to them in the present case, the motions were properly denied.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.