This is an appeal from a judgment of dismissal entered in the Law Division in favor of the defendant, *Page 49 
Overlook Hospital Association, a charitable association operating a hospital in Summit, New Jersey.
In 1942 the plaintiff, Barbara Marie Woods, then four years of age, underwent a tonsillectomy at Overlook Hospital. Dr. Minella was the attending physician and the defendant, Marie Ferree, was the anesthetist. Upon the completion of the operation Barbara was taken to the children's ward and was placed by Miss Ferree in bed and under its covers. Miss Ferree had neglected to remove a hot water bag which had been put in the bed as a matter of hospital routine for the purpose of warming it. Later Barbara's mother discovered the hot water bag and, as she picked it up, noticed that the bed and the outside of the bag were wet. Barbara received severe burns from the hot water bag requiring treatment for some time and leaving her with a permanent scar. The action below was instituted by Barbara and her father, as plaintiffs, against the hospital and Miss Ferree, as defendants, claiming that the injury resulted from negligence of the defendants for which they should be held accountable. Service was never obtained against Miss Ferree, a non-resident, and, at the close of the taking of testimony, the lower court dismissed plaintiffs' action on the ground that since the defendant hospital was a charitable institution it was under no liability to them.
In D'Amato v. Orange Memorial Hospital, 101 N.J.L. 61 (E. A. 1925), our court of last resort first held that considerations of public policy required that charitable institutions be declared immune from liability in actions by patients for the recovery of damages for injuries resulting from the negligence of their employees. The court relied largely on the "leading case" of Schloendorff v. The Society of New YorkHospital, 105 N.E. 92, 211 N.Y. 125 (Ct. of App. 1914), and the holding by the court in McDonald v. MassachusettsGeneral Hospital, 120 Mass. 432 (Sup. Jud. Ct. 1876). The Massachusetts court followed an English precedent which had been overruled (see Goodhart, Hospitals and Trained Nurses, 54 LawQuar. Rev. 553, 559 (1938)). and the New York courts have now firmly abandoned their *Page 50 
earlier views. See Dillon v. Rockaway Beach Hospital andDispensary, 284 N.Y. 176, 30 N.E.2d 373 (Ct. of App.
1940). The immunity doctrine has been vigorously attacked in academic circles (see 3 Scott, Trusts (1939), § 402; 2 Bogert,Trusts and Trustees (1935), § 401; Comment, Tort Liability ofCharitable Institutions, 9 Univ. of Pitt. L. Rev. 253 (1948)), and in recent decisions. President and Directors of GeorgetownCollege v. Hughes, 130 F.2d 810 (Ct. of App., D.C., 1942);Wendt v. Servite Fathers, 332 Ill.App. 618, 76 N.E.2d 342
(App. Ct. 1947). In the Hughes case the late Justice Rutledge, after extensively reviewing the authorities, expressed the view that, in the light of modern concepts and the trend towards "distributing losses incurred by individuals through the operation of an enterprise among all who benefit by it rather than in leaving them wholly to be borne by those who sustain them," the considerations of public policy against the immunity doctrine far outweigh those in support.
Notwithstanding the foregoing, the ruling of the D'Amato case
has been consistently followed by our courts in a series of cases cited in Rose v. Raleigh Fitkin-Paul Morgan, etc., Foundation,136 N.J.L. 553 (E. A. 1948), and we are not at liberty to depart from it. However, the plaintiffs urge that it be limited and advance several proposed exceptions within which they seek to sustain their cause of action. Thus, they contend that the ruling should not be applied where there has been "gross negligence" or negligence by the hospital in furnishing supplies to its employees which they term "administrative negligence." We find nothing in our cases or in the reasons underlying them which would recognize such exceptions, nor do we find the evidence sufficient to justify a finding that there had been gross or administrative negligence causing the injury. See Fair v.Atlantic City Hospital, 25 N.J. Misc. 65 (Cir. Ct. 1946).
The plaintiffs next contend that an exception should be recognized where the injury results from the charitable institution's failure to exercise reasonable care in the selection of its employees. Assuming the existence of such exception *Page 51 
(see Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325,332 (E. A. 1939)), we find nothing in the evidence which renders it applicable. Plaintiffs' argument to the contrary is based on the fact that, although Miss Ferree was not a registered nurse of New Jersey, the hospital in answers to particulars had described her duties as "registered nurse and anesthetist." There is nothing to suggest that Miss Ferree ever represented herself to be a registered nurse of New Jersey (Cf. R.S. 45:11-1 etseq., repealed by P.L. 1947, c. 262. See R.S. 45:11-23 etseq.); nor is there anything to indicate that the hospital authorities in approving her qualifications for her employment did not actually exercise reasonable care. The fact that she was not a registered nurse of New Jersey did not establish that she was not sufficiently competent to discharge her assigned responsibilities (Cf. Ross v. Pennsylvania Railroad Company,106 N.J.L. 536, 540 (E. A. 1930)), nor did it contribute to the injury.
Finally, a proposed exception is rested upon the contention that the defendant carried indemnity insurance for which it paid premium and that to the extent of the policy limitation the hospital's immunity may be denied without impairing its trust funds or violating any of the reasons supporting the doctrine of the D'Amato case. This exception has been adopted in isolated instances (see Wendt v. Servite Fathers, supra), although most courts have rejected it preferring, under the principle of staredecisis, to leave to the legislature the modification or abolition of their established immunity doctrine. Cf. Howard v.South Baltimore General Hospital, 62 A.2d 574 (Md. Ct. ofApp. 1948); Stedem v. Jewish Memorial Hospital Ass'n of KansasCity, 239 Mo. A. 38, 187 S.W.2d 469 (Ct. of App. 1945);Scott, supra, at p. 2153. The lower courts in New Jersey have accepted the prevailing view that the extent of a charitable institution's immunity is not in any wise affected by its ownership of indemnity insurance (Fields v. MountainsideHospital, 22 N.J. Misc. 72, 80 (Cir. Ct. 1944)), and the opinions of our court of last resort in this and related fields may be searched in vain for any basis for questioning it. Cf.Bendler v. *Page 52 Bendler, 3 N.J. 161 (1949), decided November 21, 1949; CrownFabrics Corp. v. Northern Assurance Co., Ltd., 124 N.J.L. 27
(E. A. 1940).
The judgment is affirmed.