26 N.J. Super. 535 (1953)
98 A.2d 605
RACHEL W. CASPER, PLAINTIFF-APPELLANT,
v.
THE COOPER HOSPITAL, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 29, 1953.
Decided July 13, 1953.
*537 Before Judges GOLDMANN, CLEARY and DAVIDSON.
Mr. Sylvester S. Garfield argued the cause for plaintiff-appellant (Mr. Keron D. Chance, attorney).
Mr. Carl Kisselman argued the cause for defendant-respondent (Messrs. Orlando, Devine & Tomlin, attorneys).
PER CURIAM.
This is an appeal from an order granting summary judgment for defendant in plaintiff's negligence suit. The facts which emerge from the pleadings, depositions, answers to interrogatories, pretrial order and stipulation are fairly clear.
Defendant is an eleemosynary institution organized not for pecuniary profit by special act of the Legislature of 1875, and assumed its present name by special act of 1877. Plaintiff, a registered nurse, enrolled as a member of a course in nursing instruction given by Seton Hall College, also an eleemosynary institution. The classes were conducted in two rooms in the Nurses' Home on defendant's premises under a verbal agreement whereby the college was permitted *538 to use the rooms for giving its courses in nursing instruction for the period of a year. In return, the college paid defendant $75, which was regarded by the parties as a donation. According to the custom between the parties, this sum was used for the purchase of books for the defendant's nursing school library and equipment for the nursing school.
The course in which plaintiff enrolled was given in two semesters of 15 two-hour sessions each, for which she paid Seton Hall College a matriculation fee of $3, and a course fee of $27.50. Upon successfully completing the course plaintiff would receive two hours' credit toward a degree from the college.
Plaintiff attended a class at the Nurses' Home on February 7, 1950. She left the building after the class ended at about 8:00 P.M., and while walking along a pathway on defendant's premises, fell into an areaway. This areaway had once had a protective railing which rusted and was removed in 1942. Plaintiff sustained injuries as a result of her fall and sued for pain, suffering and expenses, alleging that defendant was negligent in maintaining the areaway without having it properly lighted or railed, or using reasonable care to protect and guide plaintiff and other invitees. Defendant's answer denied negligence; by way of separate defense the hospital claimed it was a non-profit eleemosynary institution and that since plaintiff was a recipient of its philanthropy, it was not answerable in damages for the injuries she sustained. Defendant then moved for summary judgment on this ground. The motion was granted.
Plaintiff argues that the judgment entered by the trial court failed to grant the relief sought by the defendant and was not in conformity with Rule 3:54-4. The argument is specious. The order for summary judgment read: "* * * judgment be and the same is hereby entered in favor of the defendant, * * *." Plaintiff cites no authority to support the claim that the form of judgment is improper.
Plaintiff's primary contention is that she is not the recipient of the charitable benefits of the defendant hospital, and therefore it is not immune from suit at her instance. *539 The rule in this State is that public policy justifies the exemption of a charitable institution from liability for negligence arising out of the acts of its servants and agents, the immunity being limited to suits by those who directly or indirectly stand in some beneficial relation to the charitable defendant. D'Amato v. Orange Memorial Hospital, 101 N.J.L. 61 (E. & A. 1925); Boeckel v. Orange Memorial Hospital, 108 N.J.L. 453 (Sup. Ct. 1932), affirmed 110 N.J.L. 509 (E. & A. 1933). Where, however, the plaintiff is "a complete stranger having no beneficial relation" to the defendant charitable institution, recovery may be had if negligence is proved. Simmons v. Wiley M.E. Church. 112 N.J.L. 129, 131 (E. & A. 1934); Daniels v. Rahway Hospital, 10 N.J. Misc. 585 (C.P. 1932).
Plaintiff cannot be said to be a "complete stranger" to defendant, or "unconcerned in and unrelated to" its operations. Cf. Kolb v. Monmouth Memorial Hospital, 116 N.J.L. 118 (E. & A. 1936). The situation here presented is highly analogous to that of Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325 (E. & A. 1939). In that case plaintiff was a member of a Girl Scout troop which held its meetings in an auxiliary building owned by defendant church and located next to the church itself. The building was used by defendant for administration offices, choir practice, reading and meeting rooms, a gymnasium and other purposes. The troop was in "no sense identified with the church body," nor was plaintiff a member of the congregation. At the time of the accident the troop had been making an annual voluntary donation of $25 to the church. Plaintiff sustained personal injuries as a result of a fall down an unlighted stairway in the annex building, and instituted an action to recover damages by reason of defendant's negligence. The Court of Errors and Appeals affirmed a summary judgment for defendant on the ground that plaintiff was a beneficiary of defendant's charity. It held that a church function should not be so narrowly construed as to limit it to sectarian teaching and worship, and that "the provision of quarters for this particular use did not constitute a deviation *540 from the society's essential purpose so as to strip it pro hoc vice of the habiliments of a religious charity."
By like reasoning, a hospital purpose is not to be so narrowly construed as to limit its benefits to patients only. Cf. Boeckel v. Orange Memorial Hospital, supra, and see Annotation 25 A.L.R.2d 29.
Providing quarters for the advancement of the training of nurses falls within the secondary orbit of hospital function and any person who avails himself of this purpose is a recipient of the benefactions of the hospital. Plaintiff regularly attended classes on defendant's premises and studied nursing in a hospital environment. Under such circumstances she cannot be said to be a complete stranger to defendant's charity, but is, rather, a beneficiary of it.
Plaintiff cannot avoid the effect of the rule of charitable immunity because of the payments she made to Seton Hall College or the donation made by the college to the hospital. The rule is applicable even where the person injured has paid for the services rendered by the charity. Jones v. St. Mary's Roman Catholic Church, 7 N.J. 533 (1951), cert. denied 342 U.S. 886, 72 S.Ct. 175, 96 L.Ed. 664 (1951); Bianchi v. South Park Presbyterian Church, above; 14 C.J.S., Charities, § 75, p. 548. The theory is that such payment goes to the general fund for the maintenance of the charity. D'Amato v. Orange Memorial Hospital, above. The payment here unquestionably falls within this category.
Plaintiff's final argument is that assuming she was a beneficiary of defendant's charity, such relationship terminated just prior to or at the time of the accident, as the areaway in which she fell was a public path, not on the premises of defendant. The argument is without merit; the stipulation specifically states that plaintiff "fell in an areaway on premises owned and occupied by the defendant, * * *."
The judgment below is affirmed.