33 N.J. Super. 19 (1954)
109 A.2d 296
BRAD RAFFERZEDER, BY HIS GUARDIAN AD LITEM, WILFRED RAFFERZEDER, AND WILFRED RAFFERZEDER, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
RALEIGH FITKIN-PAUL MORGAN MEMORIAL HOSPITAL AND ANN MAY MEMORIAL FOUNDATION, IN THE TOWN OF NEPTUNE, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1954.
Decided November 16, 1954.
*20 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Alexander Levchuk argued the cause for appellants (Mr. Milton Kosene, attorney).
Mr. J. Victor Carton argued the cause for respondent (Messrs. Durand, Ivins & Carton, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
This action was occasioned by the occurrence of a most unfortunate mishap in which the infant plaintiff, at the age of five months, suffered a serious bodily injury attributable, it is alleged, to the negligence of a student nurse in the service of the defendant hospital.
Our decision reported in 30 N.J. Super. 82 (App. Div. 1954), is informative of previous proceedings in the action, in which we were constrained to reverse the judgment of involuntary dismissal in favor of the defendant and afford the plaintiff a new trial in both his representative and individual capacities.
The defendant hospital averred in its answer that it is conducted as a charitable institution and is accordingly entitled to the immunity accorded by the law to such institutions from liability to respond in damages for the negligence of its employees of the nature alleged in the complaint. Our examination of the transcript of the proceedings at the *21 former trial induced us to conclude that the attorney of the plaintiff had been erroneously deprived of his right to indulge in a liberal inquiry at the trial to ascertain whether the defendant was in fact a charitable organization within the import and meaning of our applicable decisional law.
We remarked:
"We conjecture that the trial judge reasonably apprehended that the endeavors of the attorney of the plaintiffs to elicit evidence that the Fitkin Memorial Hospital was not a charitable institution would be an extravagant expenditure of time and as futile as lowering a bucket into an empty well. Perhaps such would have been the eventuality and one possibly to be anticipated at a new trial, but we observe that the infant plaintiff sustained an exceedingly severe and grievous bodily injury in the mishap. The error in law is plain. R.R. 1:5-3(c); 2:5. In this situation we feel it to be our duty to reverse the judgment."
The opportunity completely to pursue the desired inquiry concerning the charitable character of the service rendered by the defendant was made available to the plaintiff's attorney at the new trial and our conjectural forecast became the eventuality. A judgment of involuntary dismissal of the action was granted. However, the administration of justice rests more comfortably. The plaintiff again appeals and this time we believe without sufficient legal or factual grounds.
The undisputed facts elicited relating to the maintenance costs of the hospital, the necessary charitable donations to sustain it, and the gratuitous care and services indiscriminately dispensed by the institution without profit so conclusively established its charitable classification that the duty devolved upon the court to declare the judgment in conformity with the existing state of the law. Gentile v. Public Service Coordinated Transport, 12 N.J. Super. 45, 50 (App. Div. 1951); Jones v. St. Mary's Roman Catholic Church, 7 N.J. 533 (1951), certiorari denied 342 U.S. 886, 72 S.Ct. 175, 96 L.Ed. 664 (1951).
In our jurisdiction we consult the decisions in D'Amato v. Orange Memorial Hospital, 101 N.J.L. 61 (E. & A. 1925); Boeckel v. Orange Memorial Hospital, 108 N.J.L. 453 (Sup. Ct. 1932), affirmed 110 N.J.L. 509 (E. & A. *22 1933); Simmons v. Wiley M.E. Church, 112 N.J.L. 129 (E. & A. 1934); Kolb v. Monmouth Memorial Hospital, 116 N.J.L. 118 (E. & A. 1936); Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325 (E. & A. 1939); Fair v. Atlantic City Hospital, 25 N.J. Misc. 65 (Cir. Ct. 1946); Rose v. Raleigh Fitkin-Paul Morgan, etc., Foundation, 136 N.J.L. 553 (E. & A. 1948); Woods v. Overlook Hospital Ass'n., 6 N.J. Super. 47 (App. Div. 1949); Jones v. St. Mary's Roman Catholic Church, supra. Cf Daniels v. Rahway Hospital, 10 N.J. Misc. 585 (C.P. 1932); Jewell v. St. Peter's Parish, 10 N.J. Super. 229 (Cty. Ct. 1950).
For authoritative general information on the subject read the comprehensive annotation in 25 A.L.R.2d 29 et seq.
Causes of action such as this arise with some frequency in which the tort liability of the defendant for the payment of adequate compensatory damages would be apparently certain but for the circumstance that the defendant is a charitable institution and its immunity is expressly pleaded in its defense. The exoneration of such defendants from normal liability doubtless occasions the courts in many extreme cases to blush.
Here, for example, it is alleged that the hospital nurse negligently caused the child to fall from the crib resulting in consequent permanent injuries to the child of a nature which would excite the profound sympathies, if not the natural indignation, of everyone. Yet the existing principle of law denies the child a right to recover from the institution any pecuniary damages whatsoever. Such cases naturally draw in question the wisdom of the legal principle.
It seems doubtful that the unqualified immunity rule of which we speak has any place today in the jurisprudence of any country except America. Numerous have been the scholarly articles advocating the elimination of the immunity. Certainly since the advent of liability insurance in such wide fields, the trend of the more recent decisions is toward the abandonment of the rule, especially where the court was unfettered by a chain of precedents. Appropriate insurance covering the negligence and individual liability of employees *23 and servants could probably be imperatively required of such charitable institutions by statute. Anent the hospital's insurance, see Fields v. The Mountainside Hospital, 22 N.J. Misc. 72, 80 (Cir. Ct. 1944).
It is conceivable that the liability of a charitable hospital for acts of its personnel in the treatment of patients may in some cases be denied under rules of general tort law or perhaps granted for "corporate neglect" notwithstanding the abolition of the immunity principle.
The predominant and much debated consideration of public policy seems to have been whether the subjection of such charitable institutions to tort liability might not materially deter the generosity or benevolent inspirations of the donors, and whether trust funds, so called, should be diverted from the direct object of their charitable donors. The "waiver theory" and the "non respondeat superior theory" do not seem to be now stoutly defended. True, it is also conceivable that a substantial judgment such as $100,000 against it might close the doors of a small, yet highly serviceable, community hospital.
The author of this opinion has been known of late to introduce without advocacy in one direction or the other the timely reconsideration of certain subjects of our law because the noticeable tendency of our present Supreme Court is to recognize with modern circumspection the impractical kinks in the decisional law and to take them out where the process of so doing is not injuriously inimical to the essential safeguards of stare decisis.
In the present state of our law we conclude that the judgment here under review should be affirmed without costs against the plaintiff.