90 N.J. Super. 335 (1966)
217 A.2d 463
RUTH WIKLUND AND WILLIAM WIKLUND, PLAINTIFFS,
v.
PRESBYTERIAN CHURCH OF CLIFTON, A NON-PROFIT CORPORATION, DEFENDANT.
Superior Court of New Jersey, Passaic County Court, Law Division.
Decided March 1, 1966.
*336 Messrs. Nitto & Nitto, attorneys for plaintiffs (Mr. Alfred A. Burns, appearing).
Messrs. Schenck, Price, Smith & King, attorneys for defendant (Mr. Clifford W. Starrett, appearing).
PASHMAN, A.J.S.C.
This is a motion for summary judgment.
Defendant is an eleemosynary corporation of New Jersey. It owns property at 303 Maplewood Avenue in the City of Clifton on which there are three buildings located: (1) church and sanctuary, (2) Marta Hall, and (3) Fellowship Hall. The latter two are used for Sunday school.
Plaintiff has been a member of defendant for the past five years, and teaches Sunday school there. For this she receives no compensation.
Sunday school is held at the same time as church services. On Sunday, March 15, 1964, while walking to her class, plaintiff fell and was injured. The accident took place in the lobby of Marta Hall. It was raining when plaintiff entered the building. There was no rubber mat at the entrance through which she came. The floor in the lobby had recently been waxed.
*337 Defendant moves for summary judgment on the ground that it is a charitable organization entitled to immunity under N.J.S. 2A:53A-7 et seq. There being no genuine issue as to a material fact challenged, this case can be disposed of on such a motion. R.R. 4:58-3; Frank Rizzo, Inc., v. Alatsas, 27 N.J. 400 (1958); Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
The common law doctrine of charitable immunity was abrogated in this State in 1958. Dalton v. St. Luke's Catholic Church, 27 N.J. 22 (1958); Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29 (1958); Benton v. Y.M.C.A., 27 N.J. 67 (1958). The Legislature responded to these decisions by adopting N.J.S. 2A:53A-7 et seq. The relevant parts of the statute are as follows:
2A:53A-7
"No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence." (Emphasis added).
2A:53A-9
"For the purposes of this act but not in limitation thereof, the buildings and places actually used for colleges, schools, academies, seminaries, historical societies, public libraries, religious workmanship, charitable or hospital purposes, the moral and mental improvement of men, women and children, nursing homes, rest homes, parish houses, auditoriums, houses of and for prayer and buildings and places, however named or designated, operated and maintained for equivalent uses, when so operated and maintained by any such nonprofit *338 corporation, society or association, shall be deemed to be operated and maintained for a religious, charitable, educational or hospital purpose."
2A:53A-10
"This act shall be deemed to be remedial and shall be liberally construed so as to afford immunity to the said corporations, societies and associations from liability as provided herein in furtherance of the public policy for the protection of nonprofit corporations, societies and associations organized for religious, charitable, educational or hospital purposes." (Emphasis added)
This statute reinstated the common law doctrine as it had been judicially defined by the courts of this State. Anasiewicz v. Sacred Heart Church, 74 N.J. Super. 532 (App. Div. 1962), certification denied 38 N.J. 305 (1962). In applying that doctrine liberally, immunity turned on whether the injured party was a beneficiary of the works of, or a stranger to, the charity. Lindroth v. Christ Hospital, 21 N.J. 588 (1956). In Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325 (E. & A. 1939), the court held that a non-member of the church who was injured while attending a girl scout meeting in one of the church buildings was a beneficiary of its works at the time of the accident. In Anasiewicz v. Sacred Heart Church, supra, the court held that a non-member who was injured while attending a wedding at the church was also a beneficiary of its works at the time of the accident. But the court noted that it was of no consequence whether plaintiffs benefited spiritually by their attendance. As to this, Judge Foley stated
"Under the cases overruled by Collopy, Dalton, and Benton, supra, the determination of whether one was a `beneficiary of the works' of a charitable institution did not depend upon a showing that the claimant personally received a benefit from the works of the charity. Rather, the ratio decidendi was whether the institution pleading the immunity, at the time in question, was engaged in the performance of the charitable objectives it was organized to advance." (at p. 536)
Substantially the same is true under the instant statute  there is immunity if the injured party "is a beneficiary, to *339 whatever degree, of the works of" the charity; there is no immunity if he is "one unconcerned in and unrelated to and outside of the benefactions of" the charity.
Plaintiff admits that defendant is a religious corporation within the meaning of N.J.S. 2A:53A-7 et seq., and as a member of same she clearly was a beneficiary of its works. But plaintiff contends that she was not a beneficiary of its works at the time of the accident. Her claim is that by rendering services as a Sunday school teacher, she changed her status to that of "one unconcerned in and unrelated to and outside of the benefactions of" defendant. Therefore, the immunity does not apply.
In support of this, plaintiff urges the cases of Lindroth v. Christ Hospital, supra, and Rose v. Raleigh Fitkin-Paul Morgan, & C., Foundation, 136 N.J.L. 553 (E. & A. 1948). In Lindroth a doctor on defendant's staff was injured in said hospital. In Rose a private nurse hired by a patient was injured in defendant hospital.
These decisions are clearly distinguishable from the matter sub judice. In neither case was a beneficiary attempting to change his status to that of stranger to the charity. In Lindroth the doctor was not a beneficiary of the hospital prior to rendering his services. In Rose the nurse was hired by the patient and never rendered any services to the hospital.
The statute in the instant case is clear. Nowhere does it state that a beneficiary of the works of the charity can change his status to that of "one unconcerned in an unrelated to and outside of the benefactions of" same by merely rendering voluntary and uncompensated services to the charity. In construing this statute, we must be mindful of the mandate set forth in N.J.S. 2A:53A-10  that the statute is remedial "and shall be liberally construed so as to afford immunity * * *". We must also keep in mind the principle behind the common law doctrine of charitable immunity:
"* * * it would be contrary to the interests of society that funds dedicated to a charitable use be permitted to be diverted or diminished by the payment of judgments resulting from the torts of agents, *340 servants or employees of the organization or institution administering the charity where suit is instituted by the beneficiary of the charity." Jones v. St. Mary's Roman Catholic Church, 7 N.J. 533, 536-537 (1951), cert. denied 342 U.S. 886, 72 S.Ct. 175, 96 L.Ed. 664 (1951).
Were we to hold as plaintiff asks, the court would not only disregard the mandate of the Legislature, but we would permit exactly what the doctrine of charitable immunity was designed to prevent. This we cannot do. Plaintiff was a beneficiary of the works of the defendant at the time of the accident. She did not lose this status by virtue of the fact that she was on her way to render voluntary, uncompensated services to said defendant. Thus, the church is entitled to summary judgment.