272 N.J. Super. 294 (1994)
639 A.2d 1128
MARY GEORGE, PLAINTIFF-APPELLANT,
v.
FIRST UNITED PRESBYTERIAN CHURCH OF BORDENTOWN, ABC, INC. I-III AND JOHN DOES I-III BEING FICTITIOUS, JOINTLY, INDIVIDUALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 8, 1994.
Decided March 25, 1994.
*295 Before Judges PRESSLER, DREIER and BROCHIN.
Pellettieri, Rabstein & Altman, attorneys for appellant (Arthur Penn, of counsel and on the brief).
Callahan, Delany & O'Brien, attorneys for respondent First United Presbyterian Church of Bordentown (Brian D. Barr, on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
Plaintiff Mary George sued for personal injuries which she sustained allegedly as the result of the negligence of the defendant First United Presbyterian Church of Bordentown. Defendant moved for summary judgment on the ground that plaintiff's complaint was barred by the charitable immunity statute, N.J.S.A. 2A:53A-7. The motion judge agreed and entered summary judgment in defendant's favor. Plaintiff appeals.
*296 Plaintiff was a member of the First United Presbyterian Church of Bordentown since 1956. She was injured on February 11, 1991. At that time, she was an elder of the church and held the position of clerk of sessions.
An annual church fund-raising dinner was planned for March 9, 1991. According to the orders of the Bordentown fire marshall, the church's kitchen had to be enlarged before it could be used to prepare the dinner. Plaintiff was one of the four members of the congregation who undertook to coordinate the work of the building contractors engaged in renovating the kitchen.
As Mrs. George was driving past the church on Monday, February 11, 1991, she saw the electrician's truck. There was some matter concerning the electrician's work which Mrs. George had to discuss with him. She parked her car and entered the church to speak to the electrician. As she was walking down the stairs to meet him, she fell and was injured.
On the basis of these facts, we agree with the motion judge that when Ms. George was injured, she was a "beneficiary to whatever degree, of the works" of the defendant church and she was not a person "unconcerned in and unrelated to and outside of the benefactions of such [organization]." N.J.S.A. 2A:53A-7; Wiklund v. Presbyterian Church of Clifton, 90 N.J. Super. 335, 217 A.2d 463 (Law Div. 1966). The statutory language clearly immunizes a charitable organization from the tort claim of a member of the organization who has been injured while working as a volunteer for its benefit.
The judgment appealed from is therefore affirmed.