83 N.J. Super. 169 (1964)
199 A.2d 74
LILLIAN GOULD, PLAINTIFF,
v.
THERESA GROTTA CENTER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 17, 1964.
*171 Mr. Harold I. Braff for plaintiff (Messrs. Braff, Litvak & Ertag, attorneys).
Mr. Edward V. Ryan for defendant.
WHIPPLE, J.S.C.
This matter is before the court on defendant's motion for summary judgment pursuant to R.R. 4:58, claiming that this case, in its present posture, presents no litigable issue as to any material fact and that therefore judgment should be entered as a matter of law.
Plaintiff was a patient at the Theresa Grotta Center, a convalescent home. While walking from one room to another, she allegedly fell in a puddle of urine left on the floor of the home by another patient of advanced years troubled with an incontinent kidney condition. Plaintiff suffered injuries as a result of the fall. This action is brought against the Theresa Grotta Center for its alleged negligence in failing to clean the puddle from the floor, thereby allowing a dangerous condition to exist whereby plaintiff was injured.
Defendant answers by, inter alia, denying these acts of negligence, and moves for summary judgment on the ground that it is a charitable organization and as such enjoys immunity from liability under the law of this State.
Defendant relies primarily on the affidavit of Mrs. Margaret Maskray, executive director of defendant Theresa Grotta Center, which discloses that the Center is a nonprofit convalescent nursing home, having three registered and three practical nurses, a medical officer on call 24 hours a day, and a psychiatrist in its employ. There is also provision made whereby a patient's own doctor may visit during the stay at this home.
The Center is supported financially from funds made available from the Jewish Community Council of Essex County, patients' fees, the Theresa Grotta Center Service League since 1962, Blue Cross payment for those patients who come from Beth Israel Hospital, Essex County Welfare, and contributions *172 that come in the name of the Center. Plaintiff's bill was paid in part by the Jewish Community Council.
Article III of the certificate of incorporation of the Theresa Grotta Center, and article II, section 1 of its bylaws, contain the following "purpose and objects" clause:
"The purpose for which the corporation is formed is to provide a nonprofit, specialized, short-term facility, which through medical and nursing care, rehabilitative technique, physical restoration and social case work services, will enable patients to recover from acute illnesses or accident, to normal living, and thereby to perpetuate the name of Theresa Grotta who inspired the founding and development of the corporation."
Defendant applies for summary judgment on the theory that under the provisions of N.J.S. 2A:53A-7 it is immune from liability to this plaintiff who, on the date of the alleged accident (February 18, 1961), was admittedly a beneficiary of its services.
The pertinent provisions of the afore-mentioned statute under which immunity is sought are as follows:
"No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt their liability for any such negligence." (Emphasis added)
This section is qualified to some degree by N.J.S. 2A:53A-8, which provides:
"Notwithstanding the provisions of the foregoing paragraph, any nonprofit corporation, society or association organized exclusively for hospital purposes shall be liable to respond in damages to such *173 beneficiary who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants to any amount not exceeding $10,000.00, together with interest and costs of suit, as the result of any 1 accident and to the extent to which such damage, together with interest and costs of suit, shall exceed the sum of $10,000.00 such nonprofit corporation, society or association organized exclusively for hospital purposes shall not be liable therefor." (Emphasis added)
Thus, the blanket immunity granted to those corporations, societies or associations "organized exclusively for religious, charitable, educational or hospital purposes" is, by section 8, restricted to a limited liability of $10,000.00 when the defendant corporation is found to be a "nonprofit corporation, society or association organized exclusively for hospital purposes."
N.J.S. 2A:53A-9 is also pertinent to the problem presented in the case at bar. It provides as follows:
"For the purposes of this act but not in limitation thereof, the buildings and places actually used for colleges, schools, academies, seminaries, historical societies, public libraries, religious worship, charitable or hospital purposes, the moral and mental improvement of men, women and children, nursing homes, rest homes, parish houses, auditoriums, houses of and for prayer and buildings and places, however named or designated, operated and maintained for equivalent uses, when so operated and maintained by any such nonprofit corporation, society, or association, shall be deemed to be operated and maintained for a religious, charitable, educational or hospital purpose."
Plaintiff argues, in substance, that notwithstanding the blanket immunity of section 7, section 9 should be applied in order to bring certain buildings like those of a nursing home (owned and operated by defendant herein) within the sphere of section 8, thereby allowing a possible recovery against a nursing home, whose buildings may be actually used for hospital purposes, to the same extent as recovery against an association or corporation organized "exclusively for hospital purposes." This is especially so, argues the plaintiff, in view of the fact that the defendant nursing home performs many functions and services which could likewise be rendered by a hospital.
*174 This court does not agree with plaintiff's interpretation. The language of section 9 states, in essence, that certain buildings when used in a certain way "shall be deemed to be operated and maintained for a religious, charitable, educational or hospital purpose." This is the same language that appears in section 7, the general immunity provision, thereby warranting the more logical conclusion that the language in section 9 refers back to section 7. While it is true that the language alone is not the sole determinative factor in the interpretation of a statute, Waters v. Quimby, 27 N.J.L. 296 (Sup. Ct. 1859); Westinghouse Electric Corp. v. Board of Review, Division of Employment Sec., Dept. of Labor and Industry, 25 N.J. 221 (1957), the court particularly notes the obvious fact that section 9 does not say that these buildings, when actually used for the legislatively classified purposes, shall be deemed to be those of an association "organized exclusively for hospital purposes" (Emphasis added) The phrase contained in section 8 is conspicuously absent from section 9, upon which plaintiff is placing her principal reliance.
The presence of the afore-mentioned phrase in one part of the statute, and its absence from other sections of the same statute, leads this court to conclude that this is an instance where the maxim "expressio unius est exclusio alterius" could be applied. Reilly v. Ozzard, 33 N.J. 529 (1960). But the law is clear that this maxim is only to be used as an aid towards construction. It is not vested with the dignity of a rule of law, and is always to be applied with great caution. Gangemi v. Berry, 25 N.J. 1 (1957); Esso Standard Oil v. Holderman, 75 N.J. Super. 455 (App. Div. 1962), affirmed 39 N.J. 355 (1963). It therefore should be made clear at this point that in resolving this issue of statutory interpretation, the court is not relying on the effortless application of this maxim but reaches its conclusion from a careful regard for the intent of the Legislature and the "legislative goal." Board of Education of City of Asbury Park v. Hoek, 38 N.J. 213 (1962).
*175 Rather than viewing section 9 as a legislative opening through which nursing homes may in certain instances be drawn into the category of associations organized "exclusively for hospital purposes," this court is of the opinion that the fair and more logical intendment of that part of the statute is this: that certain buildings and places actually used for the afore-mentioned charitable purposes should not be deprived of the blanket immunity of section 7 merely by the neglect or failure of the particular governing authorities of the institution involved to denominate those buildings as ones being used for "religious, charitable, educational or hospital purposes." Section 9 reflects a legislative policy that the benefits of section 7 shall be visited on certain institutions whose "buildings and places actually used" present an actual need for such benefits.
Expressed in other terms, section 9 may be viewed as merely a legislative mandate which requires an analysis of the realities of a particular situation so as not to deny the benefits of section 7 to an institution when its operation and physical equipment show that it has come within the legislative policy expressed by the act itself.
This conclusion is fortified by a careful reading of the introductory clause of section 9, which states, "[f]or the purposes of this act but not in limitation thereof * * *," and also section 10 of the act, which admonishes the courts to liberally construe the statute:
"* * * so as to afford immunity to the said corporations * * * in furtherance of the public policy for the protection of nonprofit corporations, societies and associations organized for religious, charitable, educational or hospital purposes."
The court is bound to read the entire statute and construe it as a homogeneous whole rather than limit its focus on isolated phrases. Giles v. Gassert, 23 N.J. 22 (1956); Tagmire v. Atlantic City, 35 N.J. Super. 11 (App. Div. 1955); Walsh v. Department of Civil Service, 32 N.J. Super. 39 (App. Div. 1954).
*176 As previously mentioned, plaintiff points to certain characteristics of defendant home  e.g., employment of full-time nurses, having the doctor on call  which, she argues, are indicative of its status as an organization, organized "exclusively for hospital purposes," thus bringing it within limited immunity of section 8 rather than the general immunity of section 7.
Conceding these factors to be true, this does not in the court's opinion necessarily compel the conclusion that defendant is a corporation organized "exclusively for hospital purposes."
The fact that some of defendant's functions may be coincidental with those of a hospital does not negate its essential character as a nursing home. It is highly probable that in many charitable institutions there may exist such an over-lapping of functions as exists here, but if this factor alone could bring institutions such as defendant within the ambit of those used "for hospital purposes," there would be no reason for distinguishing between the various types of institutions, as is done throughout the statute and especially in section 9.
In order for defendant to come within the limited immunity of section 8, it must be found to be one organized "exclusively for hospital purposes," a finding which must necessarily import an absence of the additional charitable and beneficial functions of a nursing home.
Such "hybrid" organizations as Theresa Grotta home, exercising, incidentally, services that may also be performed at a hospital, would seem to this court to be more properly classified under section 7 and thus be afforded the complete immunity applicable to charitable institutions generally.
It should also be noted that the afore-mentioned characteristics found by plaintiff to show the defendant's status as organized for hospital purposes are required by regulations of the State of New Jersey, Department of Institutions and Agencies, applicable to all nursing homes. The court also notes in passing, that a number of facilities one would expect *177 to find in a hospital generally  e.g., an operating room, emergency room, maternity ward, nursery  are not found in defendant home, thus pointing up the differences between the two types of institutions.
For the foregoing reasons, defendant's motion for summary judgment is hereby granted.
An appropriate judgment in accordance with this opinion duly consented to as to form or settled upon notice pursuant to R.R. 4:55-1 will be submitted to this court.