101 N.J. Super. 559 (1968)
245 A.2d 51
MARGARET H. BOOK AND EDWIN A. BOOK, PLAINTIFFS-APPELLANTS,
v.
AGUTH ACHIM ANCHAI OF FREEHOLD, NEW JERSEY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1968.
Decided June 28, 1968.
*561 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Kenneth E. Joel argued the cause for appellants.
Mr. James J. McGovern argued the cause for respondent (Messrs. Vaccaro and Osborne, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
Plaintiffs appeal from an order granting defendant's motion for summary judgment on the ground that plaintiffs' personal injury negligence action was barred by the immunity granted the defendant under N.J.S. 2A:53A-7.
The facts are not in dispute. Plaintiff Margaret Book, a resident of Farmingdale, was a regular attendant during 1965 of the weekly Wednesday night bingo games operated by defendant Aguth Achim Anchai, a Jewish synagogue, at its premises in Freehold. Mrs. Book was not a member of defendant's congregation. She was a member of the Catholic faith and went to the synagogue for the sole purpose of playing bingo. On Wednesday evening, September 1, 1965, Mrs. Book paid her $1 admission charge at the synagogue (for which she received a "double" bingo card), purchased five "extra" cards, seated herself at one of the tables and thereafter participated in the bingo games. Toward the end of the evening the table at which she was seated collapsed and injured her knee.
Mrs. Book brought suit against defendant, in which her husband joined per quod, alleging that the injury she sustained was caused by defendant's negligence. Defendant answered denying negligence, alleged that Mrs. Book was guilty of contributory negligence and asserted the defense of charitable immunity. Defendant then moved for the entry of a summary judgment contending that under its statutory charitable immunity (N.J.S. 2A:53A-7) it was entitled to a dismissal of plaintiffs' action as a matter of law.
*562 It was conceded that the proceeds of the bingo games, after the deduction of expenses, were used by defendant for general religious and charitable purposes. The trial court concluded that Mrs. Book was a "beneficiary" within the meaning of the statute and that since the proceeds of the games were devoted to charitable purposes defendant was entitled to a summary judgment dismissing plaintiffs' action. This appeal followed.
The pertinent parts of the charitable immunity statute (N.J.S. 2A:53A-7) are as follows:
"No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association * * *."
N.J.S. 2A:53A-10 provides:
"This act shall be deemed to be remedial and shall be liberally construed so as to afford immunity to the said corporations, societies and associations from liability as provided herein in furtherance of the public policy for the protection of nonprofit corporations, societies and associations organized for religious, charitable, educational or hospital purposes."
The sole issue in this case is whether Mrs. Book was "a beneficiary, to whatever degree, of the works" of the synagogue, in which event the defendant is immune from this action, or whether she was "unconcerned in and unrelated to and outside the benefactions" of the synagogue, in which event the defendant would be responsible to plaintiffs on ordinary principles of negligence. Anasiewicz v. Sacred Heart *563 Church, 74 N.J. Super. 532, 534-35 (App. Div. 1962), certification denied 38 N.J. 305 (1962).
Plaintiffs argue that the operation of a bingo game for profit is not an enterprise partaking of the character of defendant's religious and charitable objects and therefore the statutory immunity from liability for negligence does not apply. Defendant contends that the court properly granted its motion for summary judgment. It argues that Mrs. Book was a beneficiary of its works because she obtained a social benefit through her attendance at the games.
The test of whether an injured plaintiff is a beneficiary of the "works" of a non profit religious or charitable organization for immunity purposes is whether the organization pleading the immunity was engaged in the performance of the charitable objectives it was organized to advance. Anasiewicz v. Sacred Heart Church, supra, at p. 536.
The facts in this case are readily distinguishable from those urged by defendant in support of its claim of immunity, namely, Anasiewicz v. Sacred Heart Church, supra; Peacock v. Burlington County Historical Society, 95 N.J. Super. 205 (App. Div. 1967), certification denied 50 N.J. 290 (1967), and Hauser v. Y.M.C.A., 91 N.J. Super. 172 (Law Div. 1966), where the injured plaintiffs were the recipients of the benefactions of institutions which were engaged in the performance of their benevolent objectives and the injuries arose in the course of the enjoyment of the benevolent activity.
In the instant case it is obvious that the operation of bingo games for profit was not one of the purposes for which the defendant synagogue was organized. Cf. Blankenship v. Alter, 171 Ohio St. 65, 167 N.E.2d 922 (Sup. Ct. 1960). The facts that the games were lawful and that their net proceeds were used entirely for charitable or religious purposes do not convert such games to charitable or benevolent "works" so as to clothe the organization with immunity from liability in a tort suit brought by one who is but a patron of the games. Ibid. 167 N.E.2d, at p. 924; Blatt v. George H. Nettleton Home for Aged Women, 365 Mo. 30, 275 S.W.2d 344, 346-49 *564 (Sup. Ct. 1955), and see cases cited in Annotation, "Charity - Tort Liability - Immunity," 25 A.L.R.2d 29, § 33, pp. 131-32 (1952). It is also clear that Mrs. Book was not a beneficiary in any degree, of the works of the defendant organization within contemplation of the immunity statute. She was not a member of defendant's congregation. She liked to play bingo and drove many miles from her home to attend defendant's games because it was the closest place to her home where bingo was available. Her attendance was for pleasure and she was not there as a recipient of defendant's beneficence or philanthropy  she had no concern with or relation to defendant's benefactions. Her status at most was that of a patron of the games who paid an admission charge for the privilege of playing bingo. Cf. Jewell v. St. Peter's Parish, 10 N.J. Super. 229 (Cty. Ct. 1950), a factually similar case, where the court held that the defendant parish was not immune from a negligence action brought by a paying patron of a social activity of "entertainment, games and amusements, and other social activities" conducted under its auspices which was unrelated to the defendant's institutional life and work.[1]
We hold that Mrs. Book was not a beneficiary but was a person "unconcerned in and unrelated to and outside the benefactions" of the synagogue and that the defendant therefore was not clothed with the immunity of N.J.S. 2A:53A-7 but was responsible under the ordinary principles of negligence. Accordingly, the summary judgment entered in favor of defendant is reversed, and the case is remanded for a trial of the issues of negligence and damages raised in the pleadings and pretrial order.
Reversed and remanded.
NOTES
[1] While the cited case antedated the statute and was based on the common law immunity doctrine, it should be noted that the statute did not expand, modify or alter in any way the pre-existing immunity granted to charitable and religious institutions. See Anasiewicz v. Sacred Heart Church, supra, 74 N.J. Super., at pp. 535-536 (App. Div. 1962).