259 N.J. Super. 79 (1992)
611 A.2d 168
DIANE BEICHT, NOW KNOWN AS DIANE WIERZBICKI, AND DAVID WIERZBICKI, HER HUSBAND, PLAINTIFFS,
v.
AMERICAN POLISH VETERANS, INC.; HANK SINICKI; ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division Hudson County.
Decided June 12, 1992.
*80 Maurice H. Connelly, for Plaintiffs.
Bernard M. Radowitz, for Defendants American Polish Veterans, Inc. and Hank Sinicki.

OPINION
MARGULIES, J.S.C.
There is a dearth of precedent in this State that relates to the applicability of the Charitable Immunity Act to fraternal veterans organizations.
Plaintiffs' motion is for a summary judgment on this affirmative defense.
Plaintiff Diane Beicht, now known as Diane Wierzbicki, was injured when she slipped on the floor in the "party" room located at the American Polish Veterans Hall. Plaintiff was attending her wedding shower for which the room had been rented by her sister, Elizabeth LeFanto. Neither plaintiff nor *81 any other family member was a member of the American Polish Veterans Association.
To be a beneficiary, to whatever degree, of a charitable organization, the plaintiff must, in some way, be benefiting from its functioning in a religious or charitable or educational or hospital undertaking. When the organization makes its premises available for an activity unrelated to such an undertaking, it is not functioning within the parameters of its immunity.
For example, Sunday school teaching in a church relates to religious activity, Wiklund v. Presbyterian Church of Clifton, 90 N.J. Super. 335, 217 A.2d 463 (County 1966); girl scout activities on church premises relate to the spiritual values inculcated by religion, Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325, 8 A.2d 567 (1939); a wedding guest on church premises is the recipient of the conduct of a wedding  a sacrament  a religious function. The guest is a beneficiary of the works. Anasiewicz v. Sacred Heart Church, 74 N.J. Super. 532, 181 A.2d 787 (App.Div. 1962) at 537, 181 A.2d 787. Where religious or charitable or educational services are being performed, those in attendance are beneficiaries.
When the American Polish Veterans organization allowed plaintiff on its property which was being used for her bridal shower, she was outside the "benefactions" of the charitable organization whether or not any immunity existed for the organization.
The defendant was not incorporated as a general charitable organization, but as a non-profit fraternal organization. There is an overlapping when charities are enjoyed among friends. But when an organization is not devoted solely and exclusively to religious, charitable, educational or hospital purposes or to a combination of these permissible purposes, it does not enjoy statutory immunity. Kirby v. Columbian Institute, 101 N.J. Super. 205, 243 A.2d 853 (Cty.Ct. 1968) at 209, 243 A.2d 853 following Gould v. Theresa Grotta Center 83 N.J. Super. *82 169, 199 A.2d 74 (Law Div. 1964) affirmed, 89 N.J. Super. 253, 214 A.2d 537 (App.Div. 1965). This entity was charitable vis-a-vis its members. Fraternal societies or those organizations whose purpose is to promote the welfare of their members are benevolent, but not charitable. Kirby supra 101 N.J. Super. at 209, 243 A.2d 853 citing 1 Fletcher, Cyc. Corporations, § 79, 361 (Perm.Ed.Rev. 1963) at 367. Plaintiff was a beneficiary of its largess, but not of its works. It was not founded nor functioning for the benefit of potential brides (who are unrelated to its members) irrespective of whether it was making a profit for its members.
A nexus with the "works" of the organization is a sine qua non of immunity. This is the ratio-decidendi of Book v. Aguth Achim Anachai of Freehold, N.J., 101 N.J. Super. 559, 245 A.2d 51 (App.Div. 1968) following Anasiewicz v. Sacred Heart Church, 74 N.J. Super. 532, 538, 181 A.2d 787 (App.Div.) 1962. See also Bixenman v. Christ Episcopal Church Parish House, 166 N.J. Super. 148, 399 A.2d 312 (App.Div. 1979) at 153, 399 A.2d 312.
Motion granted. Summary judgment to be entered for plaintiff on the non-applicability of affirmative defense of charitable immunity.
Submit form of judgment.