275 N.J. Super. 656 (1994)
646 A.2d 1163
KEVAN MANLEY, PLAINTIFF,
v.
YMCA OF PLAINFIELD, DEFENDANT.
Superior Court of New Jersey, Law Division (Civil), Union County.
Decided June 14, 1994.
*657 Louis Miron and Jay Bernstein for plaintiff (Horowitz and Horowitz, attorneys).
Arnold Mascali for defendant (Leary Bride Tinker Moran, attorneys).
MENZA, J.S.C.
The defendant moves for summary judgment on the basis of charitable immunity.
The plaintiff was injured while working at the YMCA under the City of Plainfield Department of Welfare's workfare program.
The State's General Assistance regulations, N.J.A.C. 10:85-1.1 to 12.2, which govern all municipal workfare programs, provide in pertinent part:
All employable recipients of General Assistance shall participate in work assignments, sometimes referred to as "workfare".
"Workfare" definition: "Workfare" means the system by which certain persons perform work or engage in various training or work preparation activities in exchange for their grants of assistance.

*658 [T]he New Jersey Employment Service develops and supervises work activities and worksites to which employable General Assistance recipients are assigned by that agency. In addition, municipal welfare directors [MWD's] will establish worksites to which they will assign recipients.
....
[A] Municipal Worksite Agreement (MWSA) must be signed by both the MWD and the worksite agent who is a paid employee of the agency for whom the worksite activity is being performed with authority from that agency for conducting onsite supervision of participants and maintaining time and attendance reports. N.J.S.A. 10:85-10.1.
The YMCA contends that it had no need for the plaintiff's services and permitted him to work at its premises as a charitable act and that the YMCA is therefore immune from suit.
The YMCA's charitable purposes set forth in its Certificate of Incorporation provides:
The purpose of the corporation shall be to help people develop Christian character and to aid them in building a Christian society, by the maintenance of such activities and services as contribute to their physical, social, mental and spiritual growth, and by such other means as may aid in the accomplishment of this purpose.
The plaintiff responds that he was working at the YMCA because he was required to do so in order to receive assistance from the City of Plainfield and that therefore he was not a beneficiary of the YMCA's charity.
The plaintiff in his certification states:
At the time of the accident, I was working for the City Welfare Department and received compensation from that organization. My work assignment varied on a daily basis as the Welfare Department sent me to perform work at a number of work sites for its "clients". I did not work fulltime at any single worksite, nor did I ever receive any direct financial or other pecuniary compensation for my work there from the Welfare Department. I never received any payment from the YMCA.
In short, wherever the Welfare Department assigned me to work, I worked.
The Court has not located either in New Jersey or any other jurisdiction a case with similar facts.
The charitable immunity statute provides in pertinent part:
No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, *659 where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association[.] N.J.S.A. 2A:53A-7.
The question then is whether the plaintiff was a beneficiary of the work of the YMCA or one "unconcerned in and unrelated to and outside of the benefactions" of the YMCA.
Although there are no cases on point, there are some cases which are instructive in the determination of this case.
In Harrington v. Clara Maass Hospital, 208 N.J. Super. 365, 506 A.2d 26 (App.Div. 1986), the court held that a visitor who accompanied the brother of a beneficiary of a charitable institution in transporting the beneficiary to the institution was not a beneficiary. Regarding the status of the plaintiff, the court stated:
We do not construe ... the category of those qualifying as beneficiaries to include persons who derive no benefit from the charitable institution but render some service to it or to its beneficiary and thus promote its benefactions. Id. at 368-69 [506 A.2d 26].
In Mayer v. Fairlawn Jewish Center, 38 N.J. 549, 186 A.2d 274 (1962), the Supreme Court held that the plaintiff, an employee of the Development Corporation of Israel which was promoting the sale of bonds on defendant's premises, was not a beneficiary even if his employer was a beneficiary. The Court stated:
Mayer's status on the premises cannot be measured by that of his employer. His rights so far as the statutory immunity is concerned depended upon his own individual relationship with the Center. True he was on the premises under the aegis of his employer, and by virtue of the employer's arrangement became an implied invitee of the Center. But he was there in fulfillment of his function and obligation as an employee to engage in the employer's work at the direction of the employer, and not for the purpose of receiving personally the philanthropy of the Center. Id. at 553-54 [186 A.2d 274].
In Beicht v. American Polish Veterans, Inc., 259 N.J. Super. 79, 611 A.2d 168 (Law Div. 1992), the court held that the plaintiff who was injured at the defendant's premises while attending a shower was not a beneficiary of the defendant.

*660 To be a beneficiary, to whatever degree, of a charitable organization, the plaintiff must, in some way, be benefiting from its functioning in a religious or charitable or educational or hospital undertaking.
....
This entity was charitable vis-a-vis its members. Fraternal societies or those organizations whose purpose is to promote the welfare of their members are benevolent, but not charitable. (citations omitted). Plaintiff was a beneficiary of its largess, but not of its works. Id. at 81-82 [611 A.2d 168].
In Book v. Aguth Achim Auchai of Freehold, N.J., 101 N.J. Super. 559, 245 A.2d 51 (Law Div. 1968), the court held that bingo games for profit was not one of the purposes for which the defendant synagogue was organized.
The test of whether an injured plaintiff is a beneficiary of the "works" of a non profit religious or charitable organization for immunity purposes is whether the organization pleading the immunity was engaged in the performance of the charitable objectives it was organized to advance. Id. at 563 [245 A.2d 51]. (citation omitted).
This court is of the opinion that when the YMCA agreed with the City Welfare Department to permit welfare recipients to work at its premises, it was not engaged in the performance of the charitable objectives it was organized to advance. In other words, this Court is of the opinion that, as with the bingo games in the Book case, supra, the arrangement was not an activity either contemplated or intended to be encompassed by the purpose set forth in the defendant's certificate of incorporation. Thus, as in Beicht, supra, the plaintiff was at most a beneficiary of the YMCA's largess, not of its charity.
But even if the YMCA's agreement with the City Welfare Department could be considered a charitable work, this court is of the opinion that the plaintiff was not a beneficiary of such work. Permitting someone to perform labor free of charge, as a condition to receiving welfare benefits, cannot by any stretch of the imagination equate with the plaintiff himself receiving a benefit from the YMCA  as in Harrington, supra, it was the plaintiff who was rendering a benefit to the defendant, not the other way around. The true beneficiary of the YMCA's charitable work was the City of Plainfield Welfare Department which required the plaintiff to work as a condition for benefits. The plaintiff was in effect no *661 different from the employee in the Mayer case who was obligated to engage in work at the direction of his employer and "not for the purpose of receiving personally the philanthropy" of the defendant charitable organization. 38 N.J. at 554, 186 A.2d 274. Therefore, this court concludes that the charitable immunity statute does not bar the plaintiff's action against the defendant YMCA.
Motion denied.