24 A.3d 836 (2011)
421 N.J. Super. 501
Alfred HEHRE, Plaintiff-Respondent,
v.
Robert DEMARCO, Jr., Robert DeMarco, Sr., Carol DeMarco, Defendants,
David Pfeifer, Holy Spirit High School, Diocese of Camden, Defendants-Appellants.
No. A-2812-10T4.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 2011.
Decided August 18, 2011.
*837 David M. Mayfield, Cherry Hill, argued the cause for appellants (Mayfield, Turner, O'Mara, Donnelly & McBride, attorneys; Mr. Mayfield, of counsel; Michael P. Lengel, on the brief).
Robert B. White, III, Lawrenceville, argued the cause for respondent (Law Office of Morris Starkman, attorneys; Mr. White, on the brief).
Before Judges FUENTES, ASHRAFI, and NEWMAN.
The opinion of the court was delivered by
FUENTES, J.A.D.
At all times relevant to this case, plaintiff Alfred Hehre was a student at Holy Spirit High School, an educational institution affiliated with and sponsored by the Catholic Diocese of Camden. Defendant *838 David Pfeifer was a teacher and track coach at Holy Spirit. Plaintiff was injured in a motor vehicle accident while being driven to a school-sponsored track meet by a fellow student-athlete. Plaintiff filed suit against the driver, alleging negligent operation of the car; the owners of the driver's car under an agency theory of liability; and the track coach, Holy Spirit High School, and the Catholic diocese of Camden (the school defendants), claiming these school defendants failed to provide safe transportation to the school-sponsored event.
After joinder of issue, the school defendants moved for summary judgment, arguing plaintiff's claims were barred under New Jersey's Charitable Immunity Act (CIA or Act), N.J.S.A. 2A:53A-7 to -11. The trial court denied the motion, holding that N.J.S.A. 2A:53A-7(c)(2) exempts from immunity a "trustee, director, officer, employee, agent, servant or volunteer" of a charity who causes "damage as the result of the negligent operation of a motor vehicle." Under the trial court's construction of the statute, plaintiff can invoke the exemption to immunity under N.J.S.A. 2A:53A-7(c)(2) if he can prove to a jury that the student-athlete who drove him to the track meet was acting as an agent of the school defendants at the time of the accident.
By leave granted, the school defendants now appeal arguing the trial court erred when it construed the exemption provided in N.J.S.A. 2A:53A-7(c)(2) as vitiating the otherwise clear immunity afforded to charitable entities in N.J.S.A. 2A:53A-7(a). We agree and reverse. The exemption to immunity provided in N.J.S.A. 2A:53A-7(c)(2) applies only to a "trustee, director, officer, employee, agent, servant or volunteer" of a charitable entity who causes "damage as the result of the negligent operation of a motor vehicle." Under the plain meaning of the language used by the Legislature, N.J.S.A. 2A:53A-7(c)(2) does not vitiate the immunity granted by the Legislature in N.J.S.A. 2A:53A-7(a) to an associated charitable entity, such as a school or diocese. The exemption to immunity in N.J.S.A. 2A:53A-7(c)(2) also does not apply to the track coach because plaintiff does not allege that the coach negligently operated a motor vehicle involved in the accident.
We derive the following facts from the record developed before the trial court.

I
On May 5, 2007, plaintiff was a passenger in a motor vehicle driven by Robert DeMarco Jr. and owned by his parents Robert and Carol DeMarco. Plaintiff and DeMarco Jr. were student-athletes and teammates on the track team at Holy Spirit High School, a Catholic secondary school located in the Diocese of Camden. On the day in question, the team gathered at the High School before departing for a nearby track meet. Also present was defendant Pfeifer, the team's coach and a history and psychology teacher at the High School.
Because the High School was not providing group transportation to the meet, DeMarco Jr. agreed to drive plaintiff and two other teammates in his parents' vehicle.[1] The remaining members of the team traveled in Pfeifer's vehicle. Although the *839 record is not settled as to whether DeMarco Jr. volunteered to drive his teammates or was requested or ordered to do so by Pfeifer,[2] we ultimately conclude this uncertainty is legally inconsequential in the context of the issues raised in this appeal.
The accident at issue here occurred while DeMarco Jr. was attempting to merge onto the Atlantic City Expressway. DeMarco Jr. lost control of the vehicle and collided with an automobile driven by an individual who is not a party in this litigation. Pfeifer's vehicle was not involved in the accident. Plaintiff was injured and required medical attention and subsequent treatment.

II
In denying defendants' motion for summary judgment, the trial court invoked the exemption to immunity provided in N.J.S.A. 2A:53A-7(c)(2) without distinguishing between the individual employees or agents of the charity and the charitable entity itself. The court denied the school defendant's motion for summary judgment because, under traditional principles of agency law, a jury needed to determine whether the school could be held vicariously liable for DeMarco Jr.'s negligence.
The question of immunity under the CIA, however, does not turn on whether DeMarco Jr. was acting as the agent of the school defendants. N.J.S.A. 2A:53A-7(a) establishes the general framework for charitable immunity, and provides in relevant part:
No nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustees, directors, officers, employees, agents, servants or volunteers shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association.
By contrast, N.J.S.A. 2A:53A-7(c) states, in relevant part:
Nothing in this section shall be deemed to grant immunity to:
. . .
(2) any trustee, director, officer, employee, agent, servant or volunteer causing damage as the result of the negligent operation of a motor vehicle[.]
The question before us is whether the Legislature intended to deprive charitable entities of the immunity conferred in N.J.S.A. 2A:53A-7(a) when it adopted the exception to immunity in N.J.S.A. 2A:53A-7(c)(2). We hold the answer is "no."
"[A]n entity qualifies for charitable immunity when it `(1) was formed for nonprofit purposes; (2) is organized exclusively for religious, charitable or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works.'" O'Connell v. State, 171 N.J. 484, 489, 795 A.2d 857 (2002), quoting Hamel v. State, *840 321 N.J.Super. 67, 72, 728 A.2d 264 (App. Div.1999). It cannot be seriously disputed that the High School operating under the auspices of the Catholic Diocese of Camden meets the criteria for charitable immunity.
The High School's certificate of incorporation states that it is
organized and shall be operated for religious, charitable, educational, scientific and other purposes within the meaning of, and pursuant to, Section 501(c)(3) of the Internal Revenue Code of 1986 . . . for the purpose of operating a Catholic secondary school in accordance with the teachings of the Roman Catholic Church as interpreted and applied by the Bishop of the Diocese of Camden.
The fact that the High School charges tuition to its students does not affect its charitable immunity protection. "A qualifying organization does not lose its statutory immunity merely because it charges money for its services, unless it makes a profit or collects fees for services totally unrelated to its organizational pursuits." Graber v. Richard Stockton College of N.J., 313 N.J.Super. 476, 482, 713 A.2d 503 (App.Div.), certif. denied, Graber v. State, 156 N.J. 409, 719 A.2d 641 (1998) (internal citation omitted).
It is also clear that plaintiff was a beneficiary of the High School's charitable activities at the time of the accident. "To be a beneficiary, to whatever degree, of a charitable organization, the plaintiff must, in some way, be benefiting from its functioning in a religious or charitable or educational . . . undertaking." Beicht v. Am. Polish Veterans, Inc., 259 N.J.Super. 79, 81, 611 A.2d 168 (Law Div.1992) (emphasis in original). Beneficiary status "[does] not depend upon a showing that the claimant personally received a benefit from the works of the charity," but rather "whether the institution pleading the immunity. . . was engaged in the performance of the charitable objectives it was organized to advance." Anasiewicz v. Sacred Heart Church, 74 N.J.Super. 532, 536, 181 A.2d 787 (App.Div.), certif. denied, 38 N.J. 305, 184 A.2d 419 (1962).
Having established the applicability of immunity conferred by N.J.S.A. 2A:53A-7(a), we must determine whether N.J.S.A. 2A:53A-7(c)(2) in any way erodes or vitiates this immunity. As previously noted, N.J.S.A. 2A:53A-7(c)(2) states that "[n]othing in this section shall be deemed to grant immunity to: . . . (2) any trustee, director, officer, employee, agent, servant or volunteer causing damage as the result of the negligent operation of a motor vehicle[.]"
This provision, along with two other "exception provisions" set forth in N.J.S.A. 2A:53A-7(c)(1)[3] and -7(c)(3)[4], were added to the original Charitable Immunity Act adopted in 1959 by virtue of legislative amendments passed in 1995. These 1995 amendments also added the underlined language to N.J.S.A. 2A:53A-7(a) and deleted the italicized language:
No nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustees, directors, officers, employees, *841 agents, servants or volunteers shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence.

[See L.1995, c. 183, § 1.]
The simultaneous addition of language extending, for the first time, the immunity of N.J.S.A. 2A:53A-7(a) to "trustees, directors, officers, employees, agents, servants or volunteers" of the charitable entities, together with a provision designating a specific exception under N.J.S.A. 2A:53A-7(c)(2) for "any trustee, director, officer, employee, agent, servant or volunteer causing damage as the result of the negligent operation of a motor vehicle," indicates that the Legislature intended the immunity exception to apply only to the individual actors expressly designated by the plain language of N.J.S.A. 2A:53A-7(c)(2), and not to corresponding charitable entities, which are otherwise shielded from liability under N.J.S.A. 2A:53A-7(a). See Hardwicke v. Am. Boychoir Sch., 188 N.J. 69, 98, 902 A.2d 900 (2006).
If the Legislature had intended the exception to extend to charitable entities as well as the individual actors, the exception provision would have been written to mirror the language of N.J.S.A. 2A:53A-7(a), which extends general charitable immunity to any "nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustees, directors, officers, employees, agents, servants or volunteers."
Plaintiff argues, however, that interpreting the N.J.S.A. 2A:53A-7(c)(2) exception as applying only to individual actors and not to the corresponding charitable entities ignores the scope of agency and vicarious liability ordinarily applicable to corporate actors. We reject this line of argument because plaintiff has not cited any relevant authority to support reading the doctrines of vicarious liability or respondeat superior into the plain language of the exception provision of the 1995 amendments to the Act. The cases cited by plaintiff in support of this argument all predate the passage of the 1995 amendments.[5]
We thus reverse the order of the trial court denying the school defendants' summary judgment motion based on the Charitable Immunity Act and remand for the trial court to enter judgment dismissing with prejudice the counts in plaintiff's complaint against these defendants as a matter of law. The counts against DeMarco Jr. and his parents are not affected by this ruling.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] Although not directly germane to the issues discussed here, we note that, at the time of the accident, DeMarco Jr. only had a "provisional" driver's license, which restricted the number of passengers he may have in the vehicle at one time to no more than "one additional passenger . . . besides persons with whom the holder [of the license] resides." N.J.S.A. 39:3-13.4. The Legislature amended this statute effective May 1, 2010. This type of restrictive license is now referred to as a "probationary" license. N.J.S.A. 39:3-13.4(a).
[2] Pfeifer testified at his deposition that he did not know DeMarco Jr. held only a provisional driver's license at the time.
[3] "Nothing in this section shall be deemed to grant immunity to: (1) any trustee, director, officer, employee, agent, servant or volunteer causing damage by a willful, wanton or grossly negligent act of commission or omission, including sexual assault and other crimes of a sexual nature[.]" N.J.S.A. 2A:53A-7(c)(1).
[4] "Nothing in this section shall be deemed to grant immunity to: . . . (3) an independent contractor of a nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes." N.J.S.A. 2A:53A-7(c)(3).
[5] Abbamont v. Piscataway Twp. Bd. of Educ., 138 N.J. 405, 650 A.2d 958 (1994); Lehmann v. Toys `R' Us, 132 N.J. 587, 626 A.2d 445 (1993); Schultz v. Roman Catholic Archdiocese of Newark, 95 N.J. 530, 472 A.2d 531 (1984); Jones v. St. Mary's Roman Catholic Church, 7 N.J. 533, 82 A.2d 187 (1951).