**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5083-16T4

ALEXIS M. ATWOOD,

     Plaintiff-Appellant,

v.

TRISTEN JENKINS and
MELINDA M. BROWN,

     Defendants,

and

UNITED PERCUSSION
AND ARTS, INC.,

     Defendant-Respondent.

_____

Submitted July 3, 2018 – Decided February 6, 2019

Before Judges O'Connor and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0545-15.

Drazin & Warshaw, PC, attorneys for appellant (Steven L. Kessel, on the briefs).

Barry, McTiernan & Wedinger, PC, attorneys for respondent (Laurel A. Wedinger and Richard W. Wedinger, on the brief).

The opinion of the court was delivered by

O'CONNOR, J.A.D.

In this automobile negligence action, plaintiff Alexis M. Atwood appeals from a June 21, 2017 Law Division order granting defendant United Percussion and Arts, Inc., summary judgment. Plaintiff settled with the other defendants, Tristen Jenkins (driver) and Melinda M. Brown, before filing her notice of appeal. For simplicity, for the balance of the opinion, the term "defendant" shall refer only to United Percussion and Arts, Inc., unless otherwise noted.

After reviewing the record and applicable legal principles, we affirm.

I

We recite only the evidence in the motion record relevant to the issues we decide. Plaintiff alleges that on March 16, 2013, she was severely injured when, while a passenger in a car owned by Brown and driven by Jenkins, the car crashed into a utility pole and ultimately landed in the opposite lane of travel. Plaintiff, Jenkins, and Brown were residents of New Jersey at the time; the accident occurred in Pennsylvania.

Defendant is a New Jersey non-profit corporation organized exclusively for charitable purposes. Defendant arranges for its members to play percussion instruments in performances and competitions that feature marching bands. Members are limited to the ages of fourteen through twenty-two. Admission into defendant's organization is competitive; one must successfully pass an audition. Performances are held in New Jersey, Pennsylvania, and other states. At the end of each performance season, the members participate in a national competition in Ohio.

Just before a performance, members rehearse at or in proximity to the place of performance. At the beginning of each season, defendant sends out an email to its members advising of the date, time, and locations of the rehearsals and performances; such information is also posted on its website. Each week, defendant's director also reminds the members of the place they need to go for the next rehearsal and performance. If requested by a member, defendant's director prints out directions to a site. However, members are responsible for transporting themselves to all rehearsals and performances. Defendant does not get involved with arranging transportation for any member to get to a particular site.

A-5083-16T4

Some members contact other members to arrange for a ride to a performance or rehearsal. Defendant does not get involved with those contacts, either, or facilitate carpooling for any member. Defendant does not reimburse the expenses a member incurs to get either himself or herself or anyone else to a rehearsal or performance. There was evidence that, on occasion a member advised the director he or she did not have a ride. In response, the director sent out an email to all members inquiring if anyone were able to provide a ride for such member.

Defendant does not earn any income for its performances. It has no employees; its director and staff are part-time volunteers. Defendant does not reimburse its director, staff, or members for any costs, including travel expenses.

On the day of the accident, plaintiff and two other members arranged with Jenkins to have him drive them to both a pre-performance rehearsal and to the performance itself. Jenkins and his passengers made these arrangements without defendant's involvement. After the pre-performance rehearsal, Jenkins and his passengers, including plaintiff, were headed to the location of the performance when Jenkins lost control of his car, causing it to hit a utility pole and ultimately come to rest on the opposite lane of travel.

4

A-5083-16T4

Plaintiff alleges the driver was negligent in the manner in which he drove the car and, as a proximate result, she sustained various injuries. She further contends the driver was defendant's agent, making defendant vicariously liable for the driver's actions. Finally, she alleges defendant's director was aware Jenkins, then seventeen years of age, had only a probationary driver's license issued by the State of New Jersey. Because such license permitted Jenkins to drive with no more than one passenger in the car, plaintiff maintains defendant is liable because its director allegedly knew Jenkins's license was restricted, yet permitted Jenkins to drive a car with three passengers.

Defendant successfully obtained summary judgment. In its motion, defendant asserted that, pursuant to New Jersey's Charitable Immunity Act (CIA), N.J.S.A. 2A:53A-7 to -12, it was immune from liability for the accident. N.J.S.A. 2A:53A-7(a) provides in pertinent part:

> a. No nonprofit corporation . . . organized exclusively for . . . charitable . . . purposes or its trustees, directors, officers, employees, agents, servants or volunteers shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association[.]

[N.J.S.A. 2A:53A-7(a).[1]]

Plaintiff argued the law of Pennsylvania applied, which has abrogated charitable immunity. Therefore, she contended, because New Jersey's CIA did not apply, defendant was not immunized from liability for the accident. The trial court disagreed, finding for the reasons set forth in its written opinion that New Jersey law applied and, thus, the CIA protected defendant from liability for Jenkins' negligence.

The trial court also found that, in any event, Jenkins was not defendant's agent at the time of the accident. Thus, even if the CIA did not apply, under the law of agency defendant was not vicariously liable for Jenkins's actions.

---

[1] For the sake of completion, we note N.J.S.A. 2A:53A-7(c) states in relevant part:

> Nothing in this section shall be deemed to grant immunity to: . . . (2) any trustee, director, officer, employee, agent, servant or volunteer causing damage as the result of the negligent operation of a motor vehicle[.]

However, neither the driver nor the owner sought immunity under N.J.S.A. 2A:53A-7(c) and, as stated, both of these parties have settled. We note N.J.S.A. 2A:53A-7(c) does not deprive charitable entities of the immunity conferred upon them by N.J.S.A. 2A:53A-7(a). Hehre v. DeMarco, 421 N.J. Super. 501, 507 (App. Div. 2011).

A-5083-16T4

Finally, the trial court found defendant's director was not liable because defendant was not obligated to and did not provide transportation for its members.

## II

On appeal, plaintiff asserts the following points for our consideration:

> POINT I:  UNDER NEW JERSEY'S CHOICE OF LAW RULES AS SET OUT IN FU v. FU, CHARITABLE IMMUNITY DOES NOT FOLLOW THE ORGANIZATION INTO ANOTHER STATE AS A MATTER OF COMITY.
>
> POINT II:  THE DEFENDANT DRIVER WAS ACTING AS THE AGENT OF UNITED PERCUSSION AND UNDER ITS CONTROL WHEN HE DROVE ITS MEMBERS IN A CARAVAN FROM ITS PRACTICE SITE TO ITS PERFORMANCE SITE AT REQUIRED TIMES WITH THE BLESSING OF ITS DIRECTOR.
>
> POINT III:  UNITED PERCUSSION IS DIRECTLY LIABLE FOR THE NEGLIGENCE OF ITS DIRECTOR FOR EXPECTING AND ALLOWING DRIVERS TO ACT OUTSIDE OF THE SCOPE OF THEIR LICENSES.

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

7

Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995) (quoting R. 4:46-2(c)). When deciding a summary judgment motion, the court "must accept as true all evidence which supports the position of the party defending against the motion and accord him [or her] the benefit of all legitimate inferences which can be deduced therefrom . . . ." Id. at 535 (alteration in original) (quoting Pressler, Current N.J. Court Rules, cmt. on R. 4:40-2 (1991)). If reasonable minds could differ, the motion must be denied. Ibid.

Raising mere issues of fact is insufficient to defeat a motion for summary judgment. In the same vein, disputed issues that are "of an insubstantial nature" cannot overcome a motion for summary judgment. Id. at 530. If the moving papers show there is no material issue of fact, then summary judgment can be granted. Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954). We review the trial court's grant of summary judgment de novo, employing the same standard used by the trial court. Davis v. Devereux Found., 209 N.J. 269, 286 (2012).

For essentially the same reasons set forth in the trial court's written opinion on the issue of agency, we affirm on the ground Jenkins was not defendant's agent at the time of the accident. In addition, we agree with the

trial court that the fact Jenkins had more than one passenger in the car at the time of the accident does not make defendant liable.

"An agency relationship is created 'when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.'" N.J. Lawyers' Fund for Client Prot. v. Stewart Title Guar. Co., 203 N.J. 208, 220 (2010) (quoting Restatement (Third) of Agency § 1.01 (Am. Law. Inst. 2006)).

Even if the law of Pennsylvania applies, that state's case law provides that "[a]n agency relationship is created where there is a manifestation by the principal that a person shall act for him, the person accepts the undertaking, and the parties understand that the principal is in control of the undertaking." Refuse Mgmt. Sys. v. Consol. Recycling & Transfer Sys., 671 A.2d 1140, 1147 (Pa. Super. Ct. 1996) (citing Volunteer Fire Co. v. Hilltop Oil Co., 412 Pa. Super. 140 (1992)).

As stated, we affirm for the reasons stated in the trial court's opinion on the question of agency. However, we add the following comments. As noted, defendant and its director were not obligated to and did not undertake the responsibility of transporting its members to rehearsals and performances.

9

Defendant advised its members of the location of the rehearsals and performances, but it was incumbent upon the members to get themselves to such sites. Defendant did not get involved with arranging transportation for any member. On occasion, defendant's staff learned a member needed a ride to a particular site. As a courtesy, the staff sent an email to its members advising a member needed a ride. But defendant did not take any other action and certainly did not ensure a member got to a particular location.

Certainly, there is no evidence defendant was in any way involved with plaintiff's efforts to find a ride on the day of the accident or was instrumental in her decision to ride with Jenkins. Whether applying New Jersey or Pennsylvania law, Jenkins was not defendant's agent at the time of the accident. In addition, there is no evidence defendant was aware Jenkins had a probationary license or that Jenkins had more than one passenger in the car at the time of the accident.

In light of our disposition, we need not and do not reach the question raised in plaintiff's first argument point, which is, because Pennsylvania law applies, defendant is not immune from liability under New Jersey's CIA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5083-16T4